## JAMES C. SAYRES *vs.* MARY A. ORMSBEE.

Commissioners to set off dower allotted to a widow a larger dower than the decree of the
Probate Court appointing them justified. On the application of a co-tenant of a part of
the realty involved, a new trial of the dower proceedings in the Probate Court was or-
dered, the widow being allowed to substantiate if she could a claim made by her that she
was entitled to the full dower set off to her.

PETITION.for a new trial in the Municipal Court of Providence.

In January, 1875, Mary A. Ormsbee, the respondent, presented
her petition to the Municipal Court of Providence, which is the
Probate Court of that city, asking for an assignment of dower in
certain property, part of which was one undivided half part of
some lands whereof Sayres, the petitioner, owned the other half.
A decree fixing dower was made January 26, 1875, notice having
been given to all parties interested. The commissioners to set
off dower made their report, giving dower in the whole of the
lands whereof Sayres owned one half, and this report, after notice
to all persons interested, was confirmed June 22, 1875. This
petition was filed May 26, 1876, and sets forth that Sayres, when
examined by the judge of the Municipal Court, assented to the
dower, supposing it to be in one half and not in the entirety of
the land in question.

*March* 3, 1877. DURFEE, C. J. We think a new trial should
be granted. The petition, which is sworn to, shows that the
petitioner testified before the Municipal Court under a misappre-
hension in regard to the meaning which would naturally attach

to his testimony, and that, but for this misapprehension, the final decree might have been different. It also shows that the petitioner did not learn, until shortly before his application, that the final did not follow the preliminary decree. It is objected that the application is made too late. The statute requires such an application to be made within one year after the case shall have been tried or decided. The application here was within a year after the entry of the final decree. It is true the preliminary decree awarding dower and appointing commissioners to set it off was made more than a year previous to the application. But the petitioner does not complain of any error in that decree. He is entirely willing that decree should stand as entered. He complains only of the commissioners' report and of the decree confirming it. Upon that point the decision was made less than a year before the application, and the application was therefore not out of due time.

The respondent claims that the final decree is substantially right as it stands, and asks permission to show it in this court. But we think that is a matter to be tried in the Municipal Court, and, in order that the respondent may not be in any way embarrassed by the preliminary decree (as to the effect of which, however, see Freeman on Co-tenancy & Partition, § 519), we shall grant the new trial, subject to the express condition that she shall be allowed to establish her right of dower, if she can, in the entirety of the eight lots mentioned in the petition, and that the preliminary decree shall be still open to modification and amendment. *Petition granted.*

*Welcome A. Greene,* for petitioner.

*John F. Tobey & Arnold Green,* for respondent.